UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS



| | |
|---|---|
| RST (2005), INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | C5-11680WGY |
| JOHN DOES 1-100, JANE DOES 1-100, ) | |
| AND XYZ COMPANIES 1-100, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff RST (2005), Inc. ("Plaintiff"), by its attorneys Sullivan & Worcester, LLP and Loeb & Loeb LLP, complaining of defendants herein, alleges as follows:

### NATURE OF THE ACTION

1. This action arises under the Lanham Trademark Act of 1946, 15 U.S.C. § 1051 et seq. (the "Lanham Act") and under Massachusetts Gen. Laws ch. 214, § 3A.

### JURISDICTION AND VENUE

2. This Court has jurisdiction of the claims herein pursuant to Sections 1331 and 1338 of the Judicial Code, 28 U.S.C. §§ 1331 and 1338, and through the Court's pendent jurisdiction. Venue is proper under 28 U.S.C. § 1391 because the defendants will be subject to personal jurisdiction in this district.

### PARTIES

3. Plaintiff is a Delaware corporation having its principal place of business at 110 West 57th Street, New York, New York, 10019. Plaintiff possesses the exclusive rights to distribute and sell, and to license the distribution and sale of, various types of music-related

{B0431985; 1}

merchandise which bear or depict the name, logos, likenesses and trademarks (collectively, the "Trademark") of the world-famous music group known as THE ROLLING STONES (the "Artist"). Plaintiff licenses the sale of such merchandise through retail and wholesale establishments and at concert performances of the Artist. The merchandise sold by Plaintiff's licensee at the Artist's concerts includes, without limitation, tour and program books, T-shirts, jerseys, sweatshirts, hats, visors, buttons, and posters (collectively, the "Tour Merchandise"). Plaintiff is the exclusive licensee to sell Tour Merchandise in the vicinity of the Artist's concert performances on its current North American concert tour (the "Tour").

4. The Artist's name has been used for years to identify it as a rock music group in all phases of the entertainment industry and to distinguish the Artist from all other such groups.

5. The identities of the John and Jane Does 1-100 and XYZ Companies 1-100 are not presently known and this Complaint will be amended to include the names of such individuals when identified. Upon information and belief, defendants will be present in and about the District of Massachusetts in connection with the Artist's concerts at Fenway Park in Boston, Massachusetts. These concerts are scheduled to take place on August 21 & 23, 2005 (the "Boston Shows"). Defendants, therefore, will be subject to the Court's jurisdiction.

### FIRST CAUSE OF ACTION
(Lanham Act)

6. Plaintiff repeats and realleges each allegation set forth in paragraphs 1 through 5 above.

7. The Artist has used its name and Trademark to identify officially authorized goods and services and to distinguish the Artist from other musical performing groups. The Artist has, among other things, prominently displayed the Trademark in advertising and promotional material and on record album jackets and merchandise, including Tour

Merchandise. Plaintiff and the Artist annually realize substantial income from the sale of merchandise bearing the Artist's Trademark (including the Tour Merchandise), and hundreds of thousands of such items have been sold throughout the United States.

8. As a result of the foregoing, the Artist's Trademark has developed and now possesses secondary and distinctive meaning to purchasers of the Tour Merchandise.

9. The Artist has achieved wide renown during its career in the music industry. The Artist's Trademark has been used in interstate commerce on and for the purpose of identifying, among other things, Tour Merchandise, including T-shirts and other apparel.

10. The Artist has a decidedly strong and loyal following among concert-goers and record buyers. The Artist has appeared -- and will appear -- in concerts at major arenas and other venues in the United States and around the world and has been seen and heard in concert by millions of popular music enthusiasts.

11. The Artist will commence its 2005 Tour on August 21, 2005, and will continue with Shows at major venues throughout the United States through January 23, 2006, including the Boston Shows.

12. Plaintiff intends to distribute Tour Merchandise at or near the site of the Artist's concerts, including the Boston Shows.

13. Upon information and belief, defendants have engaged, and will continue to engage, in the unauthorized manufacture, distribution and sale of inferior merchandise bearing the Artist's Trademark (the "Bootleg Merchandise") in the vicinity of the Artist's concerts. Plaintiff believes that the defendant bootleggers and counterfeiters will sell -- or attempt to sell -- Bootleg Merchandise at the Artist's concerts on the Tour, including the Boston Shows.

{B0431985; 1}

14. The Bootleg Merchandise is of the same general appearance as the Tour Merchandise and is likely to confuse prospective purchasers as to the source or sponsorship of such merchandise.

15. Upon information and belief, the Bootleg Merchandise is generally of inferior quality. The sale of such merchandise is likely to injure the reputation of the Artist and Plaintiff, which has developed by virtue of the Artist's public performances and the reputation for high quality associated with the Tour Merchandise.

16. The manufacture, distribution, and sale of Bootleg Merchandise by defendants, and those acting in concert with defendants, constitutes a false designation of the source of origin of such goods and falsely describes and represents such merchandise, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

17. The aforesaid acts by defendants, and those acting in concert with defendants, are likely to cause the purchasing public to believe that the sale of such Bootleg Merchandise is authorized, sponsored, or approved by the Artist and Plaintiff and that such Bootleg Merchandise is subject to the same quality control and regulation required by the Artist and Plaintiff.

18. The use by defendants and others of the Artist's Trademark constitutes an attempt to palm off and appropriate to themselves the Artist's and Plaintiff's exclusive rights therein.

19. Upon information and belief, defendants, and those acting in concert with defendants, have engaged -- and will continue to engage -- in such unauthorized activities in this state and elsewhere in interstate commerce and are likely to continue such activities throughout the Tour, to the great injury of Plaintiff and the Artist.

20. Plaintiff has no adequate remedy at law and has suffered, and will continue to suffer, irreparable harm and damage as a result of defendants' aforesaid acts, which, if not enjoined, will cause injury and monetary loss in an amount presently incalculable.

## SECOND CAUSE OF ACTION
### (Unfair Competition)

21. Plaintiff repeats and realleges each allegation set forth in paragraphs 1 through 20 above.

22. Upon information and belief, the aforesaid acts by defendants and others have been, and will continue to be, committed with full knowledge of the rights of Plaintiff and the Artist, and have the effect of misleading and confusing the public and misappropriating and trading upon the property rights, goodwill and reputation inhering to the name and likeness of the Artist.

23. Such misappropriation and unfair competition will interfere with Plaintiff's rights and ability to exploit the commercial value of the Artist's Trademark.

24. Plaintiff has no adequate remedy at law and has suffered, and will continue to suffer, irreparable harm and damage as a result of defendants' aforesaid acts, which, if not enjoined, will cause injury and monetary loss in an amount presently incalculable.

## THIRD CAUSE OF ACTION
### (Right of Publicity)

25. Plaintiff repeats and realleges each allegation set forth in paragraphs 1 through 24 above.

26. By virtue of the expenditures of time, effort and talent by the Artist and Plaintiff in advertising, publicizing and promoting the accomplishments of the Artist and through extensive commercial exploitation of their public persona, the Artist and Plaintiff have created rights of publicity in the Artist's name, which have been conveyed to Plaintiff.

27.   The common law right of publicity is subsumed by Massachusetts Gen. Laws ch. 214, § 3A.

28.   Defendants' use of the Artist's name or likeness is without authorization and for purposes of trade and for commercial purposes.

29.   The aforesaid uses of the Trademark by defendants constitute infringements of such rights of publicity.

30.   Defendants' activities violate Massachusetts Gen. Laws ch. 214, § 3A.

31.   Plaintiff has no adequate remedy at law and has suffered, and will continue to suffer, irreparable harm and damage as a result of defendants' aforesaid acts, which, if not enjoined, will cause injury and monetary loss in an amount presently incalculable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks relief as follows:

1.   That defendants, their agents, servants, employees, officers, attorneys, successors, and assigns, and all persons acting in concert with defendants, or on their behalf, be enjoined, in this and all other judicial districts in the United States, preliminarily during the course of this litigation and permanently, from:

(a) manufacturing, distributing, selling, offering for sale, holding for sale or advertising any products bearing the name, trademark, or likeness of the Artist or any colorable variation thereof;

(b) representing that any article of merchandise manufactured, distributed, sold, held for sale or advertised by them is sponsored or authorized by Plaintiff in this district or in any other district in which Plaintiff seeks to enforce this Court's injunction order.

2.   That this Court authorize the United States Marshal, authorized agents of Plaintiff, the local and state police, and/or any persons acting under their supervision, to seize

and impound any and all Bootleg Merchandise which the defendants attempt to sell, distribute or hold for sale at, within, or in the vicinity of the arenas at which the Artist is performing, before, during or after said concerts.

3. That defendants deliver up for destruction all Bootleg Merchandise bearing the name, trademark, or likeness of the Artist.

4. That defendants pay to Plaintiff damages in an amount to be determined based upon Plaintiff's loss of income from defendants' unauthorized activities.

5. That Plaintiff have such other and further relief as the Court deems to be reasonable, necessary and just.

Respectfully submitted,

RST (2005), INC.

By its attorneys,

Dated: August 12, 2005

John J. Rosenberg (BBO No. 428340)
jrosenberg@sandw.com
William T. Matlack (BBO No. 552109)
wmatlack@sandw.com
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, Massachusetts 02109
(617) 338-2800
Fax: (617) 338-2880

and

Barry I. Slotnick
LOEB & LOEB LLP
345 Park Avenue
New York, New York 10154-0037
212-407-4000

%JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
RST (2005), Inc.

**DEFENDANTS**
JOHN DOES 1-100, JANE DOES 1-100 and XYZ COMPANIES 1-100

**(b)** County of Residence of First Listed Plaintiff: New York County, NY
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Unknown
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
John J. Rosenberg and William T. Matlack
SULLIVAN & WORCESTER LLP, One Post Office Square,
Boston, MA  02109, (617) 338-2800

Attorneys (If Known)
05-11680WGY

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN  (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. Sec. 1051, et seq.
Brief description of cause: Unauthorized manufacture, distribution and sale of inferior merchandise bearing the trademark of plaintiff

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ TO BE DETERMINED

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE: 8/12/05
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) RST (2005), Inc. v. JOHN DOES 1-100, et al.

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

    ___  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ✓   II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.      for patent, trademark or copyright cases

    ___ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

    ___ IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

    ___ V.    150, 152, 153.

    05-11680WGY

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

_____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

    YES    (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)

    YES    (NO)

    IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

    YES    (NO)

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

    YES    (NO)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

    YES    NO    (UNKNOWN)

    A.  IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

        EASTERN DIVISION    CENTRAL DIVISION    WESTERN DIVISION

    B.  IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

        EASTERN DIVISION    CENTRAL DIVISION    WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME John J. Rosenberg and William T. Matlack, SULLIVAN & WORCESTER LLP
ADDRESS One Post Office Square, Boston, MA  02109
TELEPHONE NO. (212) 660-3000 and (617) 338-2800

(Cover sheet local.wpd - 11/27/00)