UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RST (2005), INC., <br><br> Plaintiff, <br><br> v. <br><br> JOHN DOES 1-100, JANE DOES 1-100, AND XYZ COMPANIES 1-100, <br><br> Defendants. | Civil Action No. 05-11680WGY <br><br> MOTION FOR PRELIMINARY INJUNCTION WITH TEMPORARY RESTRAINING ORDER AND ORDER OF SEIZURE |

Pursuant to Fed. R. Civ. P. 65, Plaintiff RST (2005), Inc. ("Plaintiff"); moves this Court to issue an order, ex parte, substantially in the form attached hereto as Exhibit A, temporarily restraining and, after hearing, preliminarily enjoining the defendants John Does 1-100, Jane Does 1-100, and XYZ Companies, their true identities being unknown, and acting in concert with the defendants, from the unauthorized manufacture, distribution, sale or holding for sale, of clothing jewelry, photographs, posters, and other merchandise (collectively the "Infringing Merchandise") bearing the name, logo, likeness or trademark (collectively "Trademark") of the music group known as THE ROLLING STONES (the "Artist"), and further authorizing the United States Marshal for this district, or any district in which plaintiff enforces such order, the state and the local police, local deputy sheriffs, counsel for plaintiff, representatives, and persons acting under their supervision, to seize and impound any and all Infringing Merchandise bearing the Artist's Trademark which the defendants, or those in concert with the defendants, attempt to sell or are holding for sale in connection with any of the Artist's concert performances (including any carton, container, or other means of carriage which the Infringing Merchandise is found).

{B0431921; 1}

As grounds for this Motion, Plaintiff relies on the facts and arguments set forth in its Complaint, its Memorandum in Support of this Motion, and the Declarations of Barry I. Slotnick and Nick Jones, all filed herewith.

### REQUEST FOR ORAL ARGUMENT

Plaintiff believes that oral argument may assist the Court, and therefore requests a hearing on the motion.

Respectfully submitted

RST (2005), INC.

By its attorneys,

Dated: August 15, 2005

/s/ William T. Matlack
John J. Rosenberg (BBO No. 428340)
   jrosenberg@sandw.com
William T. Matlack (BBO No. 552109)
   wmatlack@sandw.com
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, Massachusetts 02109
(617) 338-2800
Fax: (617) 338-2880

and

Barry I. Slotnick
LOEB & LOEB LLP
345 Park Avenue
New York, New York 10154-0037
212-407-4000

{B0431921; 1}

# Exhibit A

Case 1:05-cv-11680-WGY    Document 3-2    Filed 08/16/2005    Page 1 of 5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RST (2005), INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOHN DOES 1-100, JANE DOES 1-100, )<br>AND XYZ COMPANIES 1-100, )<br>)<br>Defendants. )<br>) | Civil Action No. 05-11680WGY<br><br>TEMPORARY RESTRAINING ORDER<br>AND ORDER OF SEIZURE |

Upon the summons and complaint, the declarations of Barry I. Slotnick and Nick Jones, the memorandum of law, and such other matters and argument presented to the Court, and good cause having been shown;

**IT IS HEREBY ORDERED** that defendants, various John Does, Jane Does, and XYZ Companies, their true identities being unknown, show cause before this Court at The Moakley U.S. Courthouse, One Courthouse Way, Boston, Massachusetts 02210, in Courtroom _____, on the ___ day of August, 2005, at _____ a.m./p.m., or as soon thereafter as counsel can be heard, why an order pursuant to Fed. R. Civ. P. 65 should not be entered, granting to plaintiff a preliminary injunction enjoining the defendants John Does 1-100, Jane Does 1-100, and XYZ Companies 1-100, their true identities being unknown, and all those acting in concert with defendants, from the unauthorized manufacture, distribution, sale or holding for sale, of clothing, jewelry, photographs, posters, and other merchandise (collectively the "Infringing Merchandise")

bearing the name, logo, likeness or trademark (collectively the "Trademark") of the music group known as THE ROLLING STONES (the "Artist").

**AND IT APPEARING TO THE COURT** that defendants, and those acting in concert with defendants, will sell and distribute, and will continue to sell and distribute, the Infringing Merchandise bearing the Artist's Trademark, as set forth in plaintiff's complaint and supporting papers, and will continue to carry out such acts unless restrained by order of the Court;

**AND IT APPEARING TO THE COURT** that immediate and irreparable injury, loss or damage will result to the plaintiff before defendants can be identified and given notice and their attorneys can be heard in opposition to the granting of the temporary restraining order, in that the defendants will manufacture, distribute, and sell infringing merchandise, and will continue to do so, and that, unless said defendants are enjoined from said manufacture, distribution, and sale, the plaintiff will suffer immediate and irreparable injury and harm in the form of lost income, lessening and dilution of the value of the Artist's Trademark, interference with plaintiff's ability to exploit, market, and license its merchandising rights respecting the Artist's Trademark, confusion in the marketplace as to the duly authorized source of the Infringing Merchandise, and impairment of the good will the Artist, the plaintiff and plaintiff's licensees have in the Artist's Trademark;

**IT IS HEREBY ORDERED** that, pending a hearing and determination of this application, the defendants and their agents, servants, employees, attorneys, successors, and assigns, and all persons, firms and corporations acting in concert with said defendants, be and hereby are temporarily restrained from manufacturing, distributing, and selling the Infringing Merchandise bearing the Artist's Trademark; and

**IT IS FURTHER ORDERED** that the United States Marshal for this district, or any district in which plaintiff enforces this order, the state and the local police, local deputy sheriffs, counsel for plaintiff, plaintiff's representatives, and persons acting under their supervision, are hereby authorized to seize and impound any and all Infringing Merchandise bearing the Artist's Trademark which defendants, or those acting in concert with defendants, attempt to sell or are holding for sale in connection with any of the Artist's concert performances (including any carton, container, or other means of carriage in which the Infringing Merchandise is found); and

**IT IS FURTHER ORDERED** that this temporary restraining order be and is hereby conditioned upon plaintiff's filing with the Clerk of this Court an undertaking in the form of a bond, check, or cash in the amount of $10,000.00, to secure the payment of such costs and damages, not to exceed such sum, as may be suffered or sustained by any party who is wrongfully restrained hereby; and

**IT IS FURTHER ORDERED** that this temporary restraining order is conditioned upon the plaintiff advancing to the United States Marshal such sum as is required to cover the fees for their said services, in the event plaintiff seeks the services of the United States Marshal in this or any other district; and

**IT IS FURTHER ORDERED** that service of copies of this Order to Show Cause, together with the summons and complaint, be made upon the defendants by the United

States Marshal, state or local police, local deputy sheriffs, or by any person over the age of eighteen (18) years not a party to this action selected for that purpose by the plaintiff, at the time any seizure provided herein is effected.

_____
U.S. DISTRICT JUDGE

Dated: Boston, Massachusetts
   August __, 2005
      _____ a.m./p.m.