John J. Rosenberg
William T. Matlack
SULLIVAN & WORCESTER
One Post Office Square
Boston, Massachusetts 02109
617-338-2800

and

Barry I. Slotnick
LOEB & LOEB LLP
345 Park Avenue
New York, New York 10154-0037
212-407-4000

*Attorneys for Plaintiff RST (2005), Inc.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

------------------------------------------------------X

|  |  |
|---|---|
| RST (2005), INC., | : Case No. 05-11680 WGY |
| Plaintiff, | : DECLARATION OF BARRY I. SLOTNICK IN SUPPORT OF PLAINTIFF'S MOTION |
| -against- | : FOR A PRELIMINARY INJUNCTION AND ORDER OF SEIZURE, WITH |
| JOHN DOES 1-100, JANE DOES 1-100, AND XYZ COMPANIES 1-100, | : TEMPORARY RESTRAINING ORDER |
| Defendants. | : |

------------------------------------------------------X

I, BARRY I. SLOTNICK, hereby declare as follows:

1. I am a member of the law firm of Loeb & Loeb, LLP, attorneys for plaintiff RST Concerts, Inc. ("Plaintiff"). I make this declaration in support of Plaintiff's application for an order to show cause, with temporary restraining order and order of seizure, enjoining the sale, and permitting the seizure, of unauthorized "bootleg" merchandise (the "Bootleg Merchandise") bearing the name, images, trademarks, or logos (collectively the "Trademark") of the musical

artist professionally known as THE ROLLING STONES (the "Artist") on the Artist's current North American concert tour (the "Tour").

2. The Tour will commence on August 21, 2005 at Fenway Park in Boston, Massachusetts, followed by a second performance on August 23, 2005 (the "Boston Shows"). The Tour will then move across the country, and will include performances at major venues throughout the United States, including Hartford, Detroit, Chicago, New York, Columbus, Washington, Philadelphia, Atlanta, Los Angeles, San Francisco and Dallas. The Tour will conclude no earlier than January 23, 2006. Given the Artist's popularity, Plaintiff believes that defendant bootleggers, and those acting in concert with them, will sell, and offer for sale, Bootleg Merchandise at the concerts during the Tour, including the Boston Shows. The following supports Plaintiff's application for an order to show cause and, after an appropriate hearing, a preliminary injunction.

## I.

### PLAINTIFF POSSESSES THE EXCLUSIVE RIGHT TO SELL AND DISTRIBUTE AUTHORIZED MERCHANDISE AT ALL OF THE CONCERTS ON THE ARTIST'S PRESENT TOUR

3. Plaintiff is a corporation engaged in the commercial exploitation of the Artist. In this regard, it has the exclusive right to distribute printed programs, illustrated tour books, T-shirts, jerseys, sweatshirts, hats, visors, buttons, posters and other merchandise (collectively the "Tour Merchandise") at or near concert halls and similar venues during performances of the Artist on the Tour. Plaintiff possesses the exclusive right to use, or authorize the use of, the Artist's Trademark on and in connection with Tour Merchandise sold and offered for sale in the vicinity of the Artist's concert performances during the Tour.

2

4. Generally, authorized Tour Merchandise is sold exclusively through concessionaires at the various arenas or stadiums throughout the country at which the concerts are held. At each such venue, Tour Merchandise is delivered to the concessionaires immediately prior to the concert and the concessionaires offer the merchandise for sale. All unsold products are returned to Plaintiff or its licensee. Plaintiff's licensee (and ultimately Plaintiff on behalf of the Artist) is paid for all Tour Merchandise sold by the concessionaires.

5. In essentially all cases, the Tour Merchandise is sold only at and within the arenas immediately before, during, and after the concerts. Therefore, any merchandise bearing the Trademarks of the Artist which is sold well outside any such arena (or otherwise by any person other than Plaintiff's authorized vendors) is unmistakably unauthorized Bootleg Merchandise.

## II.

### DEFENDANTS WILL INFRINGE UPON PLAINTIFF'S EXCLUSIVE RIGHTS BY SELLING BOOTLEG MERCHANDISE

6. Unless relief is granted to Plaintiff, the Artist's current Tour will be heavily bootlegged. The Artist is an extremely popular music group with millions of fans worldwide, many of whom will see -- or attempt to see -- the Artist's concerts during the course of the Tour. Under these circumstances, bootlegging presents a serious problem.

7. Typically, "core" groups of bootleggers follow prominent concert tours. In following a tour from concert to concert, the bootleggers maximize their illegal profits. Generally, the bootleggers appear outside the venues hours before the concert, offering for sale their unauthorized and inferior merchandise -- particularly T-shirts -- which bear the names, logos, or likenesses of the group or individual artist.

8. Such illegal merchandise seriously impairs Plaintiff's sales of authentic merchandise within the arenas, particularly because most of the Bootleg Merchandise is sold prior to the concert, before the fans have a chance to reach Plaintiff's authorized vending areas. Thus, each of the counterfeit sales represents a lost sale to Plaintiff and lost income to the Artist and venues.

9. The persistence and severity of bootlegging activity experienced by entertainers such as the Artist attest to the economic importance of tour merchandising rights in connection with musical performing artists and groups. Absent the relief requested, however, the loss of merchandising income at even a single venue could range in the thousands or tens of thousands of dollars. This damage is compounded by the injury to the goodwill of the Artist through the distribution of inferior merchandise, which inevitably is associated with the Artist. Clearly, such damage is irreparable.

## III.

### THE RELIEF REQUESTED IS SPECIFICALLY AUTHORIZED UNDER FED. R. CIV. P. 65 AND NUMEROUS APPLICABLE PRECEDENTS

10. Pursuant to Fed. R. Civ. P. 65(b), Section 1116(d)(1)(A) of the Lanham Act, 15 U.S.C. § 1116(d)(1)(A), and the Court's inherent equity powers, the Court has authority to grant Plaintiff's application for a preliminary injunction, with temporary restraining order and order of seizure, prohibiting unauthorized sales of Bootleg Merchandise and permitting the seizure of such merchandise at or near the Concert venues. In numerous previous applications of this type made in various federal courts, the relief requested herein has been granted. Attached hereto as Exhibits A through F are copies of national, multi-district injunctions issued in the following cases:

NY433315.1

EXHIBIT A:                   RST Concerts, Inc. v. John Does 1-100, et al.,
                            02-11706 (EFH) (D. Mass. 2002);

EXHIBIT B:                   ABB Merchandising Co. v. Bruce Carr, et al.
                            02-CV-1957 (S.D.N.Y. 2002);

EXHIBIT C:                   Linkin Park LLC, d/b/a Linkin Park
                            Merchandising v. John Does 1-100, et al.,
                            02-CV-0762 (N.D. Ill. 2002);

EXHIBIT D:                   ABB Merchandising Co. v. John Does 1-100,
                            et al., 01-CV-2108 (S.D.N.Y. 2002);

EXHIBIT E                    Viking Wizard Eyes, Inc. professionally
                            known as Blink-182 v. John Does 1-100, et al.,
                            01-CV-5053 (N.D. Ill. 2001);

EXHIBIT F:                   TNA TOUR II (USA) INC. v. John Does 1-
                            100, et al., 97-C-6517 (E.D. Ill. 1997); and
                            TNA TOUR II (USA) INC. v. Robinson, et
                            al., 99-C-0143 (N.D. Ca. 1999)

11. Annexed to the accompanying Memorandum of Law as Appendix A is a list of numerous additional cases in which Courts have issued national injunctions enjoining the sale of, and permitting the seizure of Bootleg Merchandise in cases very similar to this one.

The above cases involved concert tours of prominent musical performing artists in which applications for restraining orders and orders of seizure were granted, thereby providing plaintiffs with a weapon against defendants' bootlegging activities.  In each instance in which service of process was effected upon bootlegging defendants, preliminary injunctions were issued to prohibit continued bootlegging by all identified defendants served with process and all persons acting in concert with them.

12. During the Artist's last U.S. and World Tour in 2002, the Artist's exclusive merchandising licensee was granted precisely the relief sought here; i.e., a temporary restraining

NY433315.1

order, together with a preliminary injunction and order of seizure. Annexed hereto as Exhibit A is a true and correct copy of the order of preliminary injunction and order of seizure entered during the Artist's 2002 Tour by Judge Edward F. Harrington for the District of Massachusetts. In that case relief was granted on a nationwide scale against John and Jane Doe defendants for the entirety of the Artist's Tour.

13. In fact, during the Artist's tours in 1997 and 1999, the Artist's exclusive merchandising licensees were also granted the relief sought here; i.e., a temporary restraining order, together with a preliminary injunction and order of seizure. Annexed hereto as Exhibit F are true and correct copies of the temporary restraining order and preliminary injunction orders entered during the Artist's 1997 Tour by Judge Charles Norgle of the Northern District of Illinois; and in the Artist's 1999 Tour by Judge Saundra Armstrong in the Northern District of California. In both of those cases, relief was granted on a nationwide scale against John and Jane Doe defendants.

14. Like most of the actions listed above and in the schedules attached to the accompanying Memorandum of Law, Plaintiff will commence its action against John and Jane Doe defendants and XYZ Companies because the defendant peddlers cannot positively be identified until the night of the concert (when they are actually served). As a general rule, individual bootleggers are well aware of the illegal nature of their activities; thus, they conceal their presence and their intentions until prior to the show. Even when apprehended they frequently either refuse to identify themselves or provide fictitious names and addresses.

15. Under the circumstances, it is extremely difficult -- if not impossible -- to provide advance notice of the action to defendants. However, because Plaintiff holds the

exclusive rights in the Artist's Trademark in connection with the sale of Tour Merchandise, there is no possibility that issuance of the requested order could interfere with or impose a detriment to the legitimate interests of any other party.

16. Even if the identities of some of the bootleggers could be obtained, they should not be given notice of the seizure because they likely would conceal or destroy the bootleg merchandise and all other evidence of their infringing activities, including any evidence which would disclose the identity of their suppliers and other persons acting in concert with them. The ex parte order of seizure permits a plaintiff to prevent the sale of bootleg merchandise and obtain important evidence, including (i) evidence of the trademark infringement (e.g., the Infringing Merchandise); (ii) evidence to establish defendants' unlawful earnings (e.g., books and records); and (iii) evidence of the persons and entities supplying and acting in concert with defendants.

17. Courts have acknowledged that bootleggers will conceal or destroy such evidence if they are given the opportunity. Thus, as the Third Circuit noted in *Vuitton v. White*, 945 F.2d 569, 571 (3d Cir. 1991):

> Consistent with their calling, professional counterfeiters and dealers in counterfeit goods generally are not upstanding citizens. This presents a major obstacle to trademark owners trying to protect their marks. As one commentator has described the situation, '[e]xperience . . . has shown that it is extremely likely that a counterfeiter, upon [receiving notice] . . . will conceal his infringing merchandise and either destroy or conceal all records relating to this merchandise . . . .'

18. As demonstrated above, the limited relief afforded to performers and their licensees by the issuance of a temporary restraining order and order of seizure at a single concert site would not prevent these itinerant peddlers from following the Artist's Tour and continuing to prey upon and infringe Plaintiff's property rights. Accordingly, a multiplicity of legal proceedings

NY433315.1

seeking the identical relief against the same defendants would be required. Invariably, the cost inherent in such redundant lawsuits is exorbitant, which plays directly into the hands of the bootleggers, since they know that the expense of bringing separate actions for each concert engagement would be prohibitive.

19. At the hearing on Plaintiff's application for a preliminary injunction, Plaintiff expects to provide the Court with declarations of service establishing service of the order to show cause and the summons and complaint. If directed, Plaintiff will amend the caption of its complaint to name all identified defendants who have been served with process. Plaintiff will also ask the court to grant a preliminary injunction directed against such defendants, and all persons acting in concert with them, pursuant to Fed. R. Civ. P. 65.

20. It is clear that without the relief sought herein, the Artist, legitimate merchandiser, and venue are helpless to prevent this thriving illegal industry from preying upon unwitting fans who are interested in obtaining concert souvenirs. With increasing frequency, courts have granted such relief as the only reasonable and effective manner of providing any meaningful relief to the artists and their authorized merchandisers.

21. All merchandise seized pursuant to this Court's order will initially be held by plaintiff. As soon as practicable, Plaintiff will transmit the merchandise to its counsel or other authorized agent to hold until completion of the Tour, at which time the Court can direct the destruction or other disposition of the merchandise.

22. No prior application for the relief requested herein has been made.

NY433315.1

23. I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 11th day of August, 2005.

/s/ Barry I. Slotnick
BARRY I. SLOTNICK

# Exhibit A
# To
# Slotnick
# Declaration

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

------------------------------------------------)    Case No.
                                                 )
RST CONCERTS, INC.,                              )
                                                 )    MOTION FOR PRELIMINARY
                Plaintiff,                       )    INJUNCTION WITH TEMPORARY
                                                 )    RESTRAINING ORDER AND ORDER OF
v.                                               )    SEIZURE
                                                 )    _____
JOHN DOES 1-100, JANE DOES 1-100,                )
AND XYZ COMPANIES 1-100,                         )    02 - 11706 EFH
                                                 )
                Defendants.                      )
------------------------------------------------)

Pursuant to Fed. R. Civ. P. 65, Plaintiff RST Concerts, Inc. ("Plaintiff"), hereby

moves this Court to issue an order, ex parte, substantially in the form attached hereto as Exhibit

A, temporarily restraining and, after hearing, preliminarily enjoining the defendants John Does

1-100, Jane Does 1-100, and XYZ Companies, their true identities being unknown, and all those

acting in concert with the defendants, from the unauthorized manufacture, distribution, sale or

holding for sale, of clothing jewelry, photographs, posters, and other merchandise (collectively

the "Infringing Merchandise") bearing the name, logo, likeness or trademark (collectively the

"Trademark") of the music group known as THE ROLLING STONES (the "Artist"), and further

authorizing the United States Marshal for this district, or any district in which plaintiff enforces

such order, the state and the local police, local deputy sheriffs, counsel for plaintiff, plaintiff's

representatives, and persons acting under their supervision, to seize and impound any and all

Infringing Merchandise bearing the Artist's Trademark which the defendants, or those acting in

concert with the defendants, attempt to sell or are holding for sale in connection with any of the

9 - 3 - 0 2
Motion For Temp. Restraining
Order and Seizure is allowed
Edward F. Harrington, S.D.J.

DOCKETED

②

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---------------------------------------------------------)          Case No.
                                                         )
RST CONCERTS, INC.,                                      )
                                                         )
                    Plaintiff,                           )    ORDER TO SHOW CAUSE ON MOTION
                                                         )    FOR PRELIMINARY INJUNCTION WITH
                                                         )    TEMPORARY RESTRAINING ORDER
v.                                                       )    AND ORDER OF SEIZURE
                                                         )    _____
                                                         )
JOHN DOES 1-100, JANE DOES 1-100,                        )
AND XYZ COMPANIES 1-100,                                 )    02 - 11706 EFH
                                                         )
                    Defendants.                          )
---------------------------------------------------------)

Upon the summons and complaint, the declarations of Eulas G. Boyd and Peter

Merluzzi, the memorandum of law, and such other matters and argument presented to the Court,

and good cause having been shown;

IT IS HEREBY ORDERED that defendants, various John Does, Jane Does, and

XYZ Companies, their true identities being unknown, show cause before this Court at The

Moakley U.S. Courthouse, One Courthouse Way, Boston, Massachusetts 02210, in Courtroom

_19_, on the _12_ day of September, 2002, at _2:00_ a.m./p.m., or as soon thereafter as counsel

can be heard, why an order pursuant to Fed. R. Civ. P. 65 should not be entered, granting to

plaintiff a preliminary injunction enjoining the defendants John Does 1-100, Jane Does 1-100,

and XYZ Companies 1-100, their true identities being unknown, and all those acting in concert

with defendants, from the unauthorized manufacture, distribution, sale or holding for sale, of

clothing, jewelry, photographs, posters, and other merchandise (collectively the "Infringing

Merchandise") bearing the name, logo, likeness or trademark (collectively the "Trademark") of

the music group known as THE ROLLING STONES (the "Artist").

AND IT APPEARING TO THE COURT that defendants, and those acting in concert with defendants, will sell and distribute, and will continue to sell and distribute, the Infringing Merchandise bearing the Artist's Trademark, as set forth in plaintiff's complaint and supporting papers, and will continue to carry out such acts unless restrained by order of the Court;

AND IT APPEARING TO THE COURT that immediate and irreparable injury, loss or damage will result to the plaintiff before defendants can be identified and given notice and their attorneys can be heard in opposition to the granting of the temporary restraining order, in that the defendants will manufacture, distribute, and sell infringing merchandise, and will continue to do so, and that, unless said defendants are enjoined from said manufacture, distribution, and sale, the plaintiff will suffer immediate and irreparable injury and harm in the form of lost income, lessening and dilution of the value of the Artist's Trademark, interference with plaintiff's ability to exploit, market, and license its merchandising rights respecting the Artist's Trademark, confusion in the marketplace as to the duly authorized source of the Infringing Merchandise, and impairment of the good will the Artist, the plaintiff and plaintiff's licensees have in the Artist's Trademark;

IT IS HEREBY ORDERED that, pending a hearing and determination of this application, the defendants and their agents, servants, employees, attorneys, successors, and assigns, and all persons, firms and corporations acting in concert with said defendants, be and hereby are temporarily restrained from manufacturing, distributing, and selling the Infringing Merchandise bearing the Artist's Trademark; and

IT IS FURTHER ORDERED that the United States Marshal for this district, or any district in which plaintiff enforces this order, the state and the local police, local deputy

-2-

sheriffs, counsel for plaintiff, plaintiff's representatives, and persons acting under their supervision, are hereby authorized to seize and impound any and all Infringing Merchandise bearing the Artist's Trademark which defendants, or those acting in concert with defendants, attempt to sell or are holding for sale in connection with any of the Artist's concert performances (including any carton, container, or other means of carriage in which the Infringing Merchandise is found); and

IT IS FURTHER ORDERED that this temporary restraining order be and is hereby conditioned upon plaintiff's filing with the Clerk of this Court an undertaking in the form of a bond, check, or cash in the amount of $10,000.00, to secure the payment of such costs and damages, not to exceed such sum, as may be suffered or sustained by any party who is wrongfully restrained hereby; and

IT IS FURTHER ORDERED that this temporary restraining order is conditioned upon the plaintiff advancing to the United States Marshal such sum as is required to cover the fees for their said services, in the event plaintiff seeks the services of the United States Marshal in this or any other district; and

IT IS FURTHER ORDERED that service of copies of this Order to, Show Cause, together with the summons and complaint, be made upon the defendants by the United States Marshal, state or local police, local deputy sheriffs, or by any person over the age of eighteen (18) years not a party to this action selected for that purpose by the plaintiff, at the time any seizure provided herein is effected.

U.S. DISTRICT JUDGE

Dated: ~~August~~ Sept. 3, 2002
243538.1

I HEREBY ATTEST AND CERTIFY ON 10-3-02
THAT THE FOREGOING DOCUMENT IS A FULL, TRUE
AND CORRECT COPY OF THE ORIGINAL ON FILE
IN MY OFFICE AND IN MY LEGAL CUSTODY.
TONY ANASTAS
CLERK, U.S. DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BY:

-3-

GSDocs-1149653-1

I HEREBY ATTEST AND CERTIFY ON *9-12-02*
THAT THE FOREGOING DOCUMENT IS A FULL TRUE
AND CORRECT COPY OF THE ORIGINAL ON FILE
IN MY OFFICE AND IN MY LEGAL CUSTODY.
TONY ANASTAS
CLERK, U.S. DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BY:

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

----------------------------------------X

RST CONCERTS, INC.,                         :

                    Plaintiff,              :       Case No. 02-11706 EFH

                                            :       **ORDER OF PRELIMINARY**
v.                                          :       **INJUNCTION AND ORDER OF**
                                                    **SEIZURE**
JOHN DOES 1-100, JANE DOES 1-100, XYZ       :
COMPANIES 1-100, LAMONT ROSS,
EDWARD SHAW, LATWAN SHAW,
TYRONE SQUIRE, a/k/a WALKER a/k/a            :
"PIGGY", HERBERT ZAIL and JAMIL
SMITH,                                      :

                                            :

                    Defendants.             :
----------------------------------------X

Plaintiff having moved by Motion for Preliminary Injunction with Temporary

Restraining Order and Order of Seizure (the "Motion for Preliminary Injunction and Order of

Seizure") for an injunction enjoining and restraining the defendants, and those acting in concert

with them, from manufacturing, selling and/or distributing merchandise bearing the name, logo,

likeness, and trademarks (collectively, the "Trademarks") of the musical performing group

professionally known as THE ROLLING STONES (the "Artist"), and the plaintiff having

attempted to serve the Motion for Preliminary Injunction and Order of Seizure and the Order to

Show Cause dated September 3, 2002 upon defendants Lamont Ross, Edward Shaw, Latwan

Shaw, Tyrone Squire, Herbert Zail and Jamal Smith (the "Identified Defendants"), which

service was refused, and plaintiff's Motion for Preliminary Injunction and Order of Seizure

having been granted by the Honorable Edward F. Harrington, United States District Judge, on

the 12th day of September, 2002 at the Moakley U.S. Courthouse, One Courthouse Way,

Boston, Massachusetts 02210, in Courtroom 19, and the Identified Defendants having been

notified of said hearing, and plaintiff having appeared by its counsel, and there having been no other appearances:

NOW, on presentation and consideration of plaintiff's Motion for Preliminary Injunction and Order of Seizure, the declarations and affidavits submitted in support thereof, and the entire record in this case, the Court finds as follows:

1.    By reason of the long, substantial and continuous use of the Artist's name, the said name has acquired a meaning identified with the Artist and with products and services associated with them;

2.    The defendants, and those acting in concert or participation with them, have infringed upon plaintiff's and the Artist's rights in the Artist's Trademarks and rights of publicity, and have as well committed acts of unfair competition against the plaintiff and the Artist, by manufacturing, distributing, offering for sale, or selling unauthorized merchandise bearing the Artist's Trademarks (the "Infringing Merchandise") at or near the sites of the Artist's concerts, without having obtained a license or any other authorization to do so;

3.    The said acts of the defendants, and those acting in concert or participation with them, constitute a violation of the Lanham Act, 15 U.S.C. § 1125(a), in that they:

(a)    involve goods or services;

(b)    are activities which affect interstate commerce; and

(c)    are likely to cause confusion or deception as to the origin of the Infringing Merchandise in that they falsely represent that such merchandise is made by, sponsored by, or otherwise associated with the Artist or the plaintiff;

4.     Defendants, and those acting in concert or participation with them, will continue to sell such unauthorized Infringing Merchandise in connection with the Artist's concerts unless enjoined by the Court; and

5.     Plaintiff attempted to serve copies of the Court's September 3, 2002 Order to Show Cause and Motion for Preliminary Injunction and Order to Show Cause upon the Identified Defendants, such service was refused, and Plaintiff obtained Infringing Merchandise from the Identified Defendants;

**NOW, THEREFORE, IT IS HEREBY ORDERED** that defendants, their agents, servants, employees, attorneys, successors, assigns, and all persons, firms, and corporations acting in concert or participation with said defendants, are enjoined and restrained from:

(i)     Using the Artist's Trademarks in connection with the sale, offering for sale, distribution, or advertising of any clothing or other merchandise; or

(ii)     Manufacturing, distributing, selling, or holding for sale any clothing or other merchandise which carries or otherwise uses the Artist's Trademarks; or

(iii)     Aiding, abetting, inducing, or encouraging another to perform any of the acts enjoined herein.

**IT IS FURTHER ORDERED** that the United States Marshal for this district and the United States Marshal for any district in which plaintiff seeks to enforce this order, upon plaintiff's advancing such sum as is required to cover their fees and expenses, or local law enforcement officials, plaintiff's counsel, representatives, or individuals acting under their respective authorization or supervision, are authorized, and the appropriate local or state police and other law enforcement authorities are hereby similarly authorized, to seize and impound

any and all Infringing Merchandise bearing the Artist's Trademarks which defendants, or their agents, servants, employees, successors and assigns, and all those acting in concert or participation with them, attempt to sell or are holding for sale in the vicinity of the Artist's concerts or elsewhere where such Infringing Merchandise is being sold, held for sale, or is otherwise found, including any carton, bag, container, or other means of carriage in which the Infringing Merchandise is transported or stored.

IT IS FURTHER ORDERED that such confiscated merchandise shall be delivered to plaintiff's counsel or representatives, or their designees, pending final disposition of this action. All clothing, jewelry, photographs, posters and other merchandise bearing the Artist's Trademarks which is sold, or held for sale, in the vicinity of the Artist's performance locations, or elsewhere where such merchandise is held for sale or otherwise found, shall be deemed to be merchandise subject to the seizure provisions of this order.

IT IS FURTHER ORDERED that this preliminary injunction is conditioned upon personal service of a copy of this order being made upon the defendants or other persons enjoined hereby contemporaneously with the seizure authorized herein.

IT IS FURTHER ORDERED that all unauthorized items heretofore or hereafter seized in this action be delivered up to the plaintiff, or to plaintiff's authorized representative, pending final disposition of this matter.

IT IS FURTHER ORDERED that the injunctive and seizure provisions of this order shall expire upon conclusion of the Artist's concert performance tour, unless otherwise extended by further order of this Court.

IT IS FURTHER ORDERED that the undertaking in the amount of $10,000.00 heretofore deposited with the Clerk of this Court to secure payment of costs

-4-

incurred in enforcing the provisions of the temporary restraining order is hereby continued until

final disposition of this matter or further order of this Court.

EDWARD F. HARRINGTON,
U.S. DISTRICT JUDGE

Dated:        Boston, Massachusetts
              September 12, 2002



# Exhibit B
# To
# Slotnick
# Declaration

Barry I. Slotnick (BS 9796)
Eulas G. Boyd (EB 4130)
LOEB & LOEB LLP
345 Park Avenue
New York, New York 01154-0037
212-407-4000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                                                         :    Case No. 02 CV 1957

ABB MERCHANDISING CO., INC.,                             :    ORDER OF PRELIMINARY INJUNCTION
                                                              AND ORDER OF SEIZURE
                            Plaintiff,                    :

              -against-                                   :

BRUCE CARR, FREDERICK GRANT,                             :
HERBIE HENDERSON, DERRICK
JOHNSON, JAMES PALMER, STEVEN                            :
RIFFLE, FRED RIVERA, PAUL SIMON,
LENNY WRIGHT, PAUL WYSZINKI, JANE                        :
DOE A/K/A "PAT", JOHN DOE A/K/A
"RICO", JOHN DOES 1-100, JANE DOES 1-                    :
100, AND XYZ COMPANIES 1-100,                            :

                            Defendants.
-------------------------------------------------------X

        Plaintiff having moved by Order to Show Cause for an injunction enjoining and

restraining the defendants, and those acting in concert with them, from manufacturing, selling

and/or distributing merchandise bearing the name, logo, likeness, and trademarks (collectively,

the "Trademarks") of the musical performing group professionally known as THE ALLMAN

BROTHERS BAND (the "Artist"), and service of the summons and complaint having been

effected upon the defendants; and plaintiff's application for a preliminary injunction and order of

seizure having come on for a hearing before the Honorable Allen G. Schwartz, United States

District Judge, on the 11th day of March, 2002, at the United States District Court for the

4. Defendants, and those acting in concert or participation with them, will continue to sell such unauthorized Infringing Merchandise in connection with the Artist's concerts unless enjoined by the Court; and

5. Copies of the Court's March 11th, 2002 Order to Show Cause, the summons and complaint and supporting declarations and Memorandum of Law, have been served upon the defendants, and Infringing Merchandise has been obtained from the defendants;

**NOW, THEREFORE, IT IS HEREBY ORDERED** that defendants, their agents, servants, employees, attorneys, successors, assigns, and all persons, firms, and corporations acting in concert or participation with said defendants, are enjoined and restrained from:

(i)   Using the Artist's Trademarks in connection with the sale, offering for sale, distribution, or advertising of any clothing or other merchandise; or

(ii)   Manufacturing, distributing, selling, or holding for sale any clothing or other merchandise which carries or otherwise uses the Artist's Trademarks; or

(iii)   Aiding, abetting, inducing, or encouraging another to perform any of the acts enjoined herein.

**IT IS FURTHER ORDERED** that the United States Marshal for this district and the United States Marshal for any district in which plaintiff seeks to enforce this order, upon plaintiff's advancing such sum as is required to cover their fees and expenses, or local law enforcement officials, plaintiff's counsel, representatives, or individuals acting under their respective authorization or supervision, are authorized, and the appropriate local or state police and other law enforcement authorities are hereby similarly authorized, to seize and impound any and all Infringing Merchandise bearing the Artist's Trademarks which defendants, or their agents, servants, employees, successors and assigns, and all those acting in concert or participation with them, attempt to sell or are holding for sale in the vicinity of the Artist's

3

concerts or elsewhere where such Infringing Merchandise is being sold, held for sale, or is otherwise found, including any carton, bag, container, or other means of carriage in which the Infringing Merchandise is transported or stored.

IT IS FURTHER ORDERED that such confiscated merchandise shall be delivered to plaintiff's counsel or representatives, or their designees, pending final disposition of this action. All clothing, jewelry, photographs, posters and other merchandise bearing the Artist's Trademarks which is sold, or held for sale, in the vicinity of the Artist's performance locations, or elsewhere where such merchandise is held for sale or otherwise found, shall be deemed to be merchandise subject to the seizure provisions of this order.

IT IS FURTHER ORDERED that this preliminary injunction is conditioned upon personal service of a copy of this order and the summons and complaint being made upon the defendants or other persons enjoined hereby contemporaneously with the seizure authorized herein.

IT IS FURTHER ORDERED that all unauthorized items heretofore or hereafter seized in this action be delivered up to the plaintiff, or to plaintiff's authorized representative, pending final disposition of this matter.

IT IS FURTHER ORDERED that the injunctive and seizure provisions of this order shall expire upon conclusion of the Artist's concert performance tour, unless otherwise extended by further order of this Court.

**IT IS FURTHER ORDERED** that the undertaking in the amount of $10,000.00 heretofore deposited with the Clerk of this Court to secure payment of costs incurred in enforcing the provisions of the temporary restraining order is hereby continued until final disposition of this matter or further order of this Court.

                                U.S. DISTRICT JUDGE

Dated:       New York, New York
              March 14, 2002

Exhibit C
To
Slotnick
Declaration

Terrence Buehler
BUEHLER & REED
19 South LaSalle Street, Suite 1500
Chicago, Illinois 60603
Tel. No: 312-372-2899
Fax No: 312-332-4629

Barry I. Slotnick
LOEB & LOEB LLP
345 Park Avenue
New York, New York 01154-0037
Tel. No: 212-407-4000
Fax No: 212-407-4990

Attorneys for Plaintiff Linkin Park LLC, d/b/a Linkin
Park Merchandising

JUDGE KENNELLY
MAGIS. JUDGE BROWN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

-------------------------------------------------- X

|  |  |  |
|---|---|---|
| LINKIN PARK LLC, d/b/a LINKIN PARK MERCHANDISING, | : | Case No. : 02 C 0762 |
|  | : | **ORDER TO SHOW CAUSE ON** |
|  | : | **MOTION FOR PRELIMINARY** |
| Plaintiff, | : | **INJUNCTION WITH TEMPORARY** |
|  |  | **RESTRAINING ORDER AND ORDER** |
| -against- | : | **OF SEIZURE** |
|  |  |  |
| JOHN DOES 1-100, JANE DOES 1-100 and XYZ COMPANIES 1-100, | : |  |
|  | : |  |
| Defendants. |  |  |

-------------------------------------------------- X

Upon the summons and complaint, the accompanying declarations of Barry I.
Slotnick, Esq. and Joel Hendricks, the exhibits annexed thereto, the memorandum of law, and
such other matters and argument presented to the Court, and good cause having been shown;

**IT IS HEREBY ORDERED** that defendants, various John Does, Jane Does, and
XYZ Companies, their true identities being unknown, show cause before this Court, 219 South
Dearborn Street, Chicago, Illinois 60604, in Courtroom 1719, on the 8th day of

_____, 2002, at ___ a.m./p.m., or as soon thereafter as counsel can be heard, why

an order pursuant to Fed. R. Civ. P. 65 should not be entered, granting to plaintiff a preliminary

injunction enjoining the defendants John Does 1-100, Jane Does 1-100, and XYZ Companies 1-

100, their true identities being unknown, and all those acting in concert with defendants, from the

unauthorized manufacture, distribution, sale or holding for sale, of clothing, jewelry,

photographs, posters, and other merchandise (collectively the "Infringing Merchandise") bearing

the name, logo, likeness or trademark (collectively the "Trademark") of the musical group known

as Linkin Park (the "Artist").

   **AND IT APPEARING TO THE COURT** that defendants, and those acting in

concert with defendants, have sold, and will continue to sell and distribute, the Infringing

Merchandise bearing the Artist's Trademark, as set forth in plaintiff's complaint and supporting

papers, and will continue to carry out such acts unless restrained by order of the Court;

   **AND IT APPEARING TO THE COURT** that immediate and irreparable injury,

loss or damage will result to the plaintiff before defendants can be identified and given notice

and their attorneys can be heard in opposition to the granting of the temporary restraining order,

in that the defendants will manufacture, distribute, and sell infringing merchandise, and will

continue to do so, and that, unless said defendants are enjoined from said manufacture,

distribution, and sale, the plaintiff will suffer immediate and irreparable injury and harm in the

form of lost income, lessening and dilution of the value of the Artist's Trademark, interference

with plaintiff's ability to exploit, market, and license its merchandising rights respecting the

Artist's Trademark, confusion in the marketplace as to the duly authorized source of the

Infringing Merchandise, and impairment of the good will plaintiff and its licensors have in the

Artist's Trademark;

NY216932.1                                    2

**IT IS HEREBY ORDERED** that, pending a hearing and determination of this application, or the expiration of ten (10) days from the date hereof, whichever shall first occur, the defendants and their agents, servants, employees, attorneys, successors, and assigns, and all persons, firms and corporations acting in concert with said defendants, be and hereby are temporarily restrained from manufacturing, distributing, and selling the Infringing Merchandise bearing the Artist's Trademark; and

**IT IS FURTHER ORDERED** that the United States Marshal for this district, or any district in which plaintiff enforces this order, the state and the local police, local deputy sheriffs, counsel for plaintiff, plaintiff's representatives, and persons acting under their supervision, are hereby authorized to seize and impound any and all Infringing Merchandise bearing the Artist's Trademark which defendants, or those acting in concert with defendants, attempt to sell or are holding for sale in connection with any of the Artist's concert performances (including any carton, container, or other means of carriage in which the Infringing Merchandise is found) from twenty-four (24) hours before to eight (8) hours after any concert performance of the Artist, and within a twenty-five (25) mile radius of any concert performance of the Artist, including but not limited to the Artist's concert at the UIC Pavilion in Chicago, Illinois on February 1, 2002; and

**IT IS FURTHER ORDERED** that this temporary restraining order be and is hereby conditioned upon plaintiff's filing with the Clerk of this Court an undertaking in the form of a bond, check, or cash in the amount of $10,000.00, to secure the payment of costs and damages, not to exceed such sum, as may be suffered or sustained by any party who is wrongfully restrained hereby; and

**IT IS FURTHER ORDERED** that this temporary restraining order is conditioned upon the plaintiff advancing to the United States Marshal such sum as is required to cover the fees for their said services, in the event plaintiff seeks the services of the United States Marshal in this or any other district; and

**IT IS FURTHER ORDERED** that service of copies of this Order to Show Cause, together with the summons and complaint, be made upon the defendants by the United States Marshal, state or local police, local deputy sheriffs, or by any person over the age of eighteen (18) years not a party to this action selected for that purpose by the plaintiff, at the time any seizure provided herein is effected.

_____
U.S.D.J.

Dated:    Chicago,    Illinois
          January 31, 2002
          10:15 a.m./p.m.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

Michael W. Dobbins
    CLERK

Office of the Clerk

        Terrence Buehler
        Buehler & Reed
        19 S. LaSalle
        Suite 1500
        Chicago, IL  60603

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
        Case Number:  1:02-cv-00762

        Title:  Linkin Pk LLC v. Does

Assigned Judge: Honorable Matthew F. Kennelly

MINUTE ORDER of 1/31/02  by Hon. Matthew F. Kennelly :
Motion for temporary restraining order is granted [2-1].
Enter order. Motion for a preliminary injunction hearing is
granted. Hearing set for 9:30 a.m. on 2/8/02. (Entered
Order to Show Cause on Motion for Preliminary Injunction
with Temporary Restraining Order and Order for Seizure.)
Mailed notice.

This docket entry was made by the Clerk on February 6, 2002

ATTENTION:  This notice is being sent pursuant to Rule 77(d) of the
            Federal Rules of Civil Procedure or Rule 49(c) of the Federal
            Rules of Criminal Procedure.  It was generated by ICMS,
            the automated docketing system used to maintain the civil and
            criminal dockets of this District.  If a minute order or
            other document is enclosed, please refer to it for
            additional information.

For scheduled events, motion practices, recent opinions and other information,
visit our web site at www.ilnd.uscourts.gov

Check our web site for CourtWeb--a concise listing of rulings by judges.
Check for rulings on noticed motions.  Also, subscribe to CourtWatch--a free
service--to receive e-mail notification of CourtWeb postings.

To apply for a PACER account, call 1.800.676.6856

# Exhibit D
# To
# Slotnick
# Declaration

#7

*Original*

[stamp: U.S. DISTRICT COURT / MAR 23 2001 / S. D. OF N.Y.]

Barry I. Slotnick (BS9796)
Timothy J. Stephens (TS3121)
RICHARDS & O'NEIL, LLP
885 Third Avenue
New York, New York 10022-4873
(212) 207-1200

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

ABB MERCHANDISING CO., INC.,　　　　　　　:

　　　　　　　　　　　　Plaintiff,　　　　　　:

　　　　　　　- against -　　　　　　　　　　:

JOHN DOES 1-100, JANE DOES 1-100, XYZ　　:
COMPANIES 1-100, RICARDO JONES,
JEROME TYLER, HERBIE HENDERSON,　　　　:
JAMEL THOMPSON, JOSE TORRES, LEROY
THOMAS, GRANT A. BRIGGS AND　　　　　　:
ANTONIO PEREZ,

　　　　　　　　　　　　　　　　　　　　　:

　　　　　　　　　　　　Defendants.
-------------------------------------------------------------X

Case No. 01 CV 2108 (JSM)

**ORDER OF PRELIMINARY
INJUNCTION AND ORDER OF
SEIZURE**

　　　　　　Plaintiff having moved by Order to Show Cause for an injunction enjoining and

restraining the defendants, and those acting in concert with them, from manufacturing, selling

and/or distributing merchandise bearing the name, logo, likeness, and trademarks (collectively,

the "Trademarks") of the musical performing group professionally known as THE ALLMAN

BROTHERS BAND (the "Artist"), and service of the summons and complaint having been

effected upon the defendants; and plaintiff's application for a preliminary injunction and order

of seizure having come on for a hearing before the Honorable John S. Martin, Jr., United States

District Judge, on the 23rd day of March, 2001, at the United States District Court for the

Southern District of New York, 500 Pearl Street, Courtroom 15C, New York, New York

4.    Defendants, and those acting in concert or participation with them, will continue to sell such unauthorized Infringing Merchandise in connection with the Artist's concerts unless enjoined by the Court; and

5.    Copies of the Court's March 14, 2001 Order to Show Cause, and the summons and complaint, have been served upon the defendants, and Infringing Merchandise has been obtained from the defendants;

NOW, THEREFORE, IT IS HEREBY ORDERED that defendants, their agents, servants, employees, attorneys, successors, assigns, and all persons, firms, and corporations acting in concert or participation with said defendants, are enjoined and restrained from:

(i)    Using the Artist's Trademarks in connection with the sale, offering for sale, distribution, or advertising of any clothing or other merchandise; or

(ii)    Manufacturing, distributing, selling, or holding for sale any clothing or other merchandise which carries or otherwise uses the Artist's Trademarks; or

(iii)    Aiding, abetting, inducing, or encouraging another to perform any of the acts enjoined herein.

IT IS FURTHER ORDERED that the United States Marshal for this district and the United States Marshal for any district in which plaintiff seeks to enforce this order, upon plaintiff's advancing such sum as is required to cover their fees and expenses, or local law enforcement officials, plaintiff's counsel, representatives, or individuals acting under their respective authorization or supervision, are authorized, and the appropriate local or state police and other law enforcement authorities are hereby similarly authorized, to seize and impound any and all Infringing Merchandise bearing the Artist's Trademarks which defendants, or their agents, servants, employees, successors and assigns, and all those acting in concert or

-3-

participation with them, attempt to sell or are holding for sale in the vicinity of the Artist's

concerts or elsewhere where such Infringing Merchandise is being sold, held for sale, or is

otherwise found, including any carton, bag, container, or other means of carriage in which the

Infringing Merchandise is transported or stored.

IT IS FURTHER ORDERED that such confiscated merchandise shall be

delivered to plaintiff's counsel or representatives, or their designees, pending final disposition

of this action. All clothing, jewelry, photographs, posters and other merchandise bearing the

Artist's Trademarks which is sold, or held for sale, in the vicinity of the Artist's performance

locations, or elsewhere where such merchandise is held for sale or otherwise found, shall be

deemed to be merchandise subject to the seizure provisions of this order.

IT IS FURTHER ORDERED that this preliminary injunction is conditioned

upon personal service of a copy of this order and the summons and complaint being made upon

the defendants or other persons enjoined hereby contemporaneously with the seizure authorized

herein.

IT IS FURTHER ORDERED that all unauthorized items heretofore or

hereafter seized in this action be delivered up to the plaintiff, or to plaintiff's authorized

representative, pending final disposition of this matter.

IT IS FURTHER ORDERED that the injunctive and seizure provisions of this

order shall expire upon conclusion of the Artist's concert performance tour, unless otherwise

extended by further order of this Court.

IT IS FURTHER ORDERED that the required undertaking in the amount of

$50,000.00 heretofore deposited with the Clerk of this Court to secure payment of costs

incurred in enforcing the provisions of the temporary restraining order is hereby reduced to

R&O-727753.1

$ _____ ; the amount of $ _____ is hereby exonerated and the Clerk of the

Court is directed to remit the exonerated funds to Plaintiff's attorneys:

       RICHARDS & O'NEIL, LLP
       885 Third Avenue
       New York, New York 10022
       (212) 207-1200
       Attn: Timothy J. Stephens, Esq.

as reduced, the undertaking is hereby continued until final disposition of this matter or further

order of this Court.

                             U.S. DISTRICT JUDGE

Dated:      New York, New York
           March 23 2001

R&O-727753.1

# Exhibit E
# To
# Slotnick
# Declaration

Terrence Buehler ()
BUEHLER & REED
19 South LaSalle Street, Suite 1500
Chicago, Illinois 60603
(312) 372-2899 (telephone)
(312) 332-4629 (facsimile)

Barry I. Slotnick
Jacques M. Rimokh
BINGHAM DANA, LLP
885 Third Avenue
New York, New York 10022-4873
(212) 207-1200 (telephone)
(212) 750-9022 (facsimile)

Attorneys for Plaintiff Viking Wizard Eyes, Inc. p/k/a Blink-182

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

------------------------------------------------------------------ x

| | |
|---|---|
| VIKING WIZARD EYES, INC. professionally known as BLINK-182 :<br><br>                 Plaintiff, :<br><br>        - against - :<br><br>JOHN DOES 1-100, JANE DOES 1-100 and XYZ COMPANIES 1-100, :<br><br>             Defendants. : | Case No.: 0/ C 5053<br><br>**ORDER TO SHOW CAUSE ON MOTION FOR PRELIMINARY INJUNCTION WITH TEMPORARY RESTRAINING ORDER AND ORDER OF SEIZURE**<br><br>JUDGE CASTILLO |

------------------------------------------------------------------ x

Upon the summons and complaint, the accompanying declarations of Jacques M.

Rimokh, Esq. and Chris Siglin, the exhibits annexed thereto, the memorandum of law, and such

other matters and argument presented to the Court, and good cause having been shown;

     **IT IS HEREBY ORDERED** that defendants, various John Does, Jane Does, and

XYZ Companies, their true identities being unknown, show cause before this Court, 219 South

Dearborn Street, Chicago, Illinois 60604, in Courtroom 2319, on the 13th day of

July , 2001, at 2:30 a.m./p.m., or as soon thereafter as counsel can be heard, why an order pursuant to Fed. R. Civ. P. 65 should not be entered, granting to plaintiff a preliminary injunction enjoining the defendants John Does 1-100, Jane Does 1-100, and XYZ Companies 1-100, their true identities being unknown, and all those acting in concert with defendants, from the unauthorized manufacture, distribution, sale or holding for sale, of clothing, jewelry, photographs, posters, and other merchandise (collectively the "Infringing Merchandise") bearing the name, logo, likeness or trademark (collectively the "Trademark") of the musical group known as Blink-182 (the "Artist").

      **AND IT APPEARING TO THE COURT** that defendants, and those acting in concert with defendants, have sold, and will continue to sell and distribute, the Infringing Merchandise bearing the Artist's Trademark, as set forth in plaintiff's complaint and supporting papers, and will continue to carry out such acts unless restrained by order of the Court;

      **AND IT APPEARING TO THE COURT** that immediate and irreparable injury, loss or damage will result to the plaintiff before defendants can be identified and given notice and their attorneys can be heard in opposition to the granting of the temporary restraining order, in that the defendants will manufacture, distribute, and sell infringing merchandise, and will continue to do so, and that, unless said defendants are enjoined from said manufacture, distribution, and sale, the plaintiff will suffer immediate and irreparable injury and harm in the form of lost income, lessening and dilution of the value of the Artist's Trademark, interference with plaintiff's ability to exploit, market, and license its merchandising rights respecting the Artist's Trademark, confusion in the marketplace as to the duly authorized source of the Infringing Merchandise, and impairment of the good will plaintiff and its licensors have in the Artist's Trademark;

2

NYDOCS2:781650.1

**IT IS HEREBY ORDERED** that, pending a hearing and determination of this application, or the expiration of ten (10) days from the date hereof, whichever shall first occur, the defendants and their agents, servants, employees, attorneys, successors, and assigns, and all persons, firms and corporations acting in concert with said defendants, be and hereby are temporarily restrained from manufacturing, distributing, and selling the Infringing Merchandise bearing the Artist's Trademark; and

**IT IS FURTHER ORDERED** that the United States Marshal for this district, or any district in which plaintiff enforces this order, the state and the local police, local deputy sheriffs, counsel for plaintiff, plaintiff's representatives, and persons acting under their supervision, are hereby authorized to seize and impound any and all Infringing Merchandise bearing the Artist's Trademark which defendants, or those acting in concert with defendants, attempt to sell or are holding for sale in connection with any of the Artist's concert performances (including any carton, container, or other means of carriage in which the Infringing Merchandise is found) from twenty-four (24) hours before to eight (8) hours after any concert performance of the Artist, and within a twenty-five (25) mile radius of any concert performance of the Artist, including but not limited to the Artist's concert at Tweeter Center Chicago (formerly known as World Music Theatre) in Chicago, Illinois on July 7, 2001 and

**IT IS FURTHER ORDERED** that this temporary restraining order be and is hereby conditioned upon plaintiff's filing with the Clerk of this Court an undertaking in the form of a bond, check, or cash in the amount of $10,000.00, to secure the payment of costs and damages, not to exceed such sum, as may be suffered or sustained by any party who is wrongfully restrained hereby; and

3

**IT IS FURTHER ORDERED** that this temporary restraining order is conditioned upon the plaintiff advancing to the United States Marshal such sum as is required to cover the fees for their said services, in the event plaintiff seeks the services of the United States Marshal in this or any other district; and

**IT IS FURTHER ORDERED** that service of copies of this Order to Show Cause, together with the summons and complaint, be made upon the defendants by the United States Marshal, state or local police, local deputy sheriffs, or by any person over the age of eighteen (18) years not a party to this action selected for that purpose by the plaintiff, at the time any seizure provided herein is effected.

_____
U.S.D.J.

Dated:     Chicago, Illinois
           July ___, 2001
           9:__ a.m./p.m.

4

# Exhibit F
# To
# Slotnick
# Declaration



# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

TNA TOUR II (USA) INC.,                )
                                           )
            Plaintiff,                )    Case No. 97 C 6517
                                           )    Judge Norgle
      -against-                )    ORDER TO SHOW CAUSE ON
                                           )    MOTION FOR PRELIMINARY
JOHN DOES 1-100, JANE DOES    )    INJUNCTION WITH
1-100, and XYZ COMPANIES    )    TEMPORARY RESTRAINING
1-100,    )    ORDER AND ORDER OF
                                           )    SEIZURE
               Defendants.                )

Upon the summons and complaint, the declarations of Barry I. Slotnick and Peter A. Merluzzi, the memorandum of law, and such other matters and argument presented to the Court, and good cause having been shown;

IT IS HEREBY ORDERED that defendants, various John Does, Jane Does, and XYZ Companies, their true identities being unknown, show cause before this Court, 219 South Dearborn Street, Chicago, Illinois 60604, in Courtroom 2341, on the 3d day of October, 1997, at 9:30 a.m./p.m., or as soon thereafter as counsel can be heard, why an order pursuant to Fed. R. Civ. P. 65 should not be entered, granting to plaintiff a preliminary injunction enjoining the defendants John Does 1-100, Jane Does 1-100, and XYZ Companies 1-100, their true identities being unknown, and all those acting in concert with defendants, from the unauthorized manufacture, distribution, sale or holding for sale, of clothing, jewelry, photographs, posters, and other merchandise (collectively the "Infringing

K&O-332355.1

Merchandise") bearing the name, logo, likeness or trademark (collectively the "Trademark")

of the musical group known as "THE ROLLING STONES" (the "Artist").

AND IT APPEARING TO THE COURT that defendants, and those acting in

concert with defendants, have sold, and will continue to sell and distribute, the Infringing

Merchandise bearing the Artist's Trademark, as set forth in plaintiff's complaint and

supporting papers, and will continue to carry out such acts unless restrained by order of the

Court;

AND IT APPEARING TO THE COURT that immediate and irreparable

injury, loss or damage will result to the plaintiff before defendants can be identified and given

notice and their attorneys can be heard in opposition to the granting of the temporary

restraining order, in that the defendants will manufacture, distribute, and sell infringing

merchandise, and will continue to do so, and that, unless said defendants are enjoined from

said manufacture, distribution, and sale, the plaintiff will suffer immediate and irreparable

injury and harm in the form of lost income, lessening and dilution of the value of the Artist's

Trademark, interference with plaintiff's ability to exploit, market, and license its

merchandising rights respecting the Artist's Trademark, confusion in the marketplace as to the

duly authorized source of the Infringing Merchandise, and impairment of the good will

plaintiff and its licensors have in the Artist's Trademark;

IT IS HEREBY ORDERED that, pending a hearing and determination of this

application, or the expiration of ten (10) days from the date hereof, whichever shall first

occur, the defendants and their agents, servants, employees, attorneys, successors, and

assigns, and all persons, firms and corporations acting in concert with said defendants, be and

hereby are temporarily restrained from manufacturing, distributing, and selling the Infringing Merchandise bearing the Artist's Trademark; and

IT IS FURTHER ORDERED that the United States Marshal for this district, or any district in which plaintiff enforces this order, the state and the local police, local deputy sheriffs, counsel for plaintiff, plaintiff's representatives, and persons acting under their supervision, are hereby authorized to seize and impound any and all Infringing Merchandise bearing the Artist's Trademark which defendants, or those acting in concert with defendants, attempt to sell or are holding for sale in connection with any of the Artist's concert performances (including any carton, container, or other means of carriage in which the Infringing Merchandise is found) from twenty-four (24) hours before to eight (8) hours after any concert performance of the Artist, and within a twenty-five (25) mile radius of any concert performance of the Artist, including but not limited to the Artist's concerts at Soldier Field in Chicago, Illinois on September 23 and 25, 1997; and

IT IS FURTHER ORDERED that this temporary restraining order be and is hereby conditioned upon plaintiff's filing with the Clerk of this Court an undertaking in the form of a bond, certified check, or cash in the amount of $10,000.00, to secure the payment of costs and damages, not to exceed such sum, as may be suffered or sustained by any party who is wrongfully restrained hereby; and

IT IS FURTHER ORDERED that this temporary restraining order is conditioned upon the plaintiff advancing to the United States Marshal such sum as is required to cover the fees for their said services, in the event plaintiff seeks the services of the United States Marshal in this or any other district; and

IT IS FURTHER ORDERED that service of copies of this Order to Show Cause, together with the summons and complaint, be made upon the defendants by the United States Marshal, state or local police, local deputy sheriffs, or by any person over the age of eighteen (18) years not a party to this action selected for that purpose by the plaintiff, at the time any seizure provided herein is effected.

_____
U.S.D.J.

Dated:          Chicago, Illinois
                September 19, 1997
                10:25 a.m./p.m.

-4-

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TNA TOUR II (USA) INC.,                    )
                                           )
                         Plaintiff,        )        Case No. 97-C-6517 (CRN)
                                           )
              -against-                    )        **ORDER OF PRELIMINARY**
                                           )        **INJUNCTION AND ORDER**
JOHN DOES 1-100, JANE DOES                 )        **OF SEIZURE**
1-100, and XYZ COMPANIES                   )
1-100,                                     )
JACQUELINE ANTHONY BALZANO,                )
CHRISTOPHER CHERRY,                        )
QUINCY COLLINS,                            )
KEVIN FREEMAN,                             )
BRIAN GRADY,                               )
JEFFERY HELLER,                            )
STEPHEN L. HUFF,                           )
WARREN INGRAM,                             )
BOBBY JOHNSON,                             )
CARLOS MCCLINTOCK,                         )
DERRICK MCHERRON,                          )
JEFFREY MATASEK,                           )
GLEN MAZDA,                                )
EARL MILLER,                               )
SASHA ROGOLSKI,                            )
CARL RUSH,                                 )
ANTHONY SAMAD,                             )
ERIC SANDERS,                              )
ROBERT A. SIMMON,                          )
TYRONE SQUIRES,                            )
JOHN STEWARD,                              )
RALPH WALLACE,                             )
 KENNETH WILSON, and                       )
JOHN ZOMOT,                                )
                         Defendants.       )

Plaintiff having moved by Order to Show Cause for an injunction enjoining and restraining the defendants, and those acting in concert with them, from manufacturing, selling and/or distributing merchandise bearing the name, logo, likeness, and trademarks (collectively, the "Trademarks") of the musical performing group professionally known as THE ROLLING STONES (the "Artist"), and service of the summons and complaint having been effected upon the defendants; and plaintiff's application for a preliminary injunction and order of seizure having come on for a hearing before the Honorable Charles R. Norgel, United States District Judge, on the 3rd day of October, 1997, at the United States District Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois 60604, and defendants having been notified of said hearing, and plaintiff having appeared by its counsel, and there having been no other appearances;

NOW, on presentation and consideration of plaintiff's application for a preliminary injunction and order of seizure, the declarations and affidavits submitted in support thereof, and the entire record in this case, the Court finds as follows:

1. By reason of the long, substantial and continuous use of the Artist's name, the said name has acquired a meaning identified with the Artist and with products and services associated with them;

2. The defendants, and those acting in concert or participation with them, have infringed upon plaintiff's and the Artist's rights in the Artist's Trademarks and rights of publicity, and have as well committed acts of unfair competition against the plaintiff and the Artist, by manufacturing, distributing, offering for sale, and selling unauthorized merchandise bearing the Artist's Trademarks (the "Infringing Merchandise") at or near the

sites of the Artist's concerts, including the Artist's concerts in Chicago, Illinois at Soldier Field on September 23 and 25, 1997, without having obtained a license or any other authorization to do so;

3.    The said acts of the defendants, and those acting in concert or participation with them, constitute a violation of the Lanham Act, 15 U.S.C. § 1125(a), in that they:

(a) involve goods or services;

(b) are activities which affect interstate commerce; and

(c) are likely to cause confusion or deception as to the origin of the Infringing Merchandise in that they falsely represent that such merchandise is made by, sponsored by, or otherwise associated with the Artist or the plaintiff;

4.    Defendants, and those acting in concert or participation with them, will continue to sell such unauthorized Infringing Merchandise in connection with the Artist's concerts unless enjoined by the Court; and

5.    Copies of this Court's September 19, 1997 Order to Show Cause, and the summons and complaint, have been served upon the defendants, and Infringing Merchandise has been obtained from the defendants;

**NOW, THEREFORE, IT IS HEREBY ORDERED** that defendants, their agents, servants, employees, attorneys, successors, assigns, and all persons, firms, and corporations acting in concert or participation with said defendants, are enjoined and restrained from:

1. Using the Artist's Trademarks in connection with the sale, offering for sale, distribution, or advertising of any clothing or other merchandise; or

      2.     Manufacturing, distributing, selling, or holding for sale any clothing or other merchandise which carries or otherwise uses the Artist's Trademarks; or

      3.     Aiding, abetting, inducing, or encouraging another to perform any of the acts enjoined herein.

**IT IS FURTHER ORDERED** that the United States Marshal for this district and the United States Marshal for any district in which plaintiff seeks to enforce this order, upon plaintiff's advancing such sum as is required to cover their fees and expenses, or local law enforcement officials, plaintiff's counsel, representatives, or individuals acting under their respective authorization or supervision, are authorized, and the appropriate local or state police and other law enforcement authorities are hereby similarly authorized, to seize and impound any and all Infringing Merchandise bearing the Artist's Trademarks which defendants, or their agents, servants, employees, successors and assigns, and all those acting in concert or participation with them, attempt to sell or are holding for sale in the vicinity of the Artist's concerts or elsewhere where such Infringing Merchandise is being sold, held for sale, or is otherwise found, including any carton, bag, container, or other means of carriage in which the Infringing Merchandise is transported or stored.

**IT IS FURTHER ORDERED** that such confiscated merchandise shall be delivered to plaintiff's counsel or representatives, or their designees, pending final disposition of this action. All clothing, jewelry, photographs, posters and other merchandise bearing the Artist's Trademarks which is sold, or held for sale, in the vicinity of the Artist's performance locations, or elsewhere where such merchandise is held for sale or otherwise found, shall be deemed to be merchandise subject to the seizure provisions of this order.

locations, or elsewhere where such merchandise is held for sale or otherwise found, shall be deemed to be merchandise subject to the seizure provisions of this order.

IT IS FURTHER ORDERED that this preliminary injunction is conditioned upon personal service of a copy of this order and the summons and complaint being made upon the defendants or other persons enjoined hereby contemporaneously with the seizure authorized herein.

IT IS FURTHER ORDERED that all unauthorized items heretofore or hereafter seized in this action be delivered up to the plaintiff pending final disposition of this matter.

IT IS FURTHER ORDERED that the injunctive and seizure provisions of this order shall expire upon conclusion of the Artist's concert performance tour, unless otherwise extended by further order of this Court.

IT IS FURTHER ORDERED that the bond in the amount of $10,000.00 heretofore deposited with the Clerk of this Court to secure payment of costs incurred in enforcing the provisions of the temporary restraining order is hereby continued until final disposition of this matter or further order of this Court.


_____
United States District Judge

Dated:      Chicago, Illinois
            October 3___, 1997

R&O-336569.1



1  TOWNSEND AND TOWNSEND AND CREW LLP
   JOEL LINZNER (CSBN 077211)
2  MARC M. GORELNIK (CSBN 166833)
   Two Embarcadero Center, 8th Floor
3  San Francisco, California  94111-3834
   Telephone: (415) 576-0200
4
         - and -
5
   Barry I. Slotnick
6  RICHARDS & O'NEIL, LLP
   885 Third Avenue
7  New York, New York  10022-4873
   (212) 207-1200
8
   Attorneys for Plaintiff
9  TNA TOUR II (USA) INC.,



FILED

JAN ⅛ 0 1999

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

10

11

12              UNITED STATES DISTRICT COURT

13            NORTHERN DISTRICT OF CALIFORNIA

14                  OAKLAND DIVISION

15  TNA TOUR II (USA) INC.,              Case No. C.99-0143 (SBA)

16              Plaintiff,               ORDER OF PRELIMINARY
                                         INJUNCTION AND ORDER OF
17        v.                             SEIZURE

18  SILKY DEVON ROBINSON, DEMETRIUS
    KANE DIXON, DELON ROBINSON, VINCE
19  MITCHELL, JOHN DOES 1-100, JANE
    DOES 1-100, AND XYZ COMPANIES 1-
20  100,

21              Defendants.

22

23        Plaintiff having moved by Order to Show Cause for an injunction enjoining and

24  restraining the defendants, and those acting in concert with them, from manufacturing,

25  selling and/or distributing merchandise bearing the name, logo, likeness, and trademarks

26  (collectively, the "Trademarks") of the musical performing group professionally known as

27  THE ROLLING STONES (the "Artist"), and service of the summons and complaint having

28  been effected upon the defendants; and plaintiff's application for the preliminary injunction

ORDER OF PRELIMINARY INJUNCTION AND ORDER OF SEIZURE
CASE NO. C.99-0143 (BDL)                                                          - 1 -

1   and order of seizure having come on for a hearing before the Honorable Saundra B.

2   Armstrong, United States District Judge, on the 26th day of January, 1999, at the United

3   States District Court for the Northern District of California, 1301 Clay Street, Oakland,

4   California 94612, and defendants (named defendants) having been notified of said hearing,

5   and plaintiff having appeared by its counsel, and there having been no other appearances;

6           NOW, on presentation and consideration of plaintiff's application for a

7   preliminary injunction and order of seizure, the declarations and affidavits submitted in

8   support thereof, and the entire record in this case, the Court finds as follows:

9           1.   By reason of the long, substantial and continuous use of the Artist's

10  name, the said name has acquired a meaning identified with the Artist and with products and

11  services associated with them;

12          2.   The defendants, and those acting in concert or participation with them,

13  have infringed upon plaintiff's and the Artist's rights in the Artist's Trademarks and rights of

14  publicity, and have as well committed acts of unfair competition against the plaintiff and the

15  Artist, by manufacturing, distributing, offering for sale, and selling unauthorized merchandise

16  bearing the Artist's Trademarks (the "Infringing Merchandise") at or near the sites of the

17  Artist's concerts, including the Artist's concert at The Arena in Oakland, California on

18  January 25, 1999, without having obtained a license or any other authorization to do so;

19          3.   The said acts of the defendants, and those acting in concert or

20  participation with  them, constitute a violation of the Lanham Act, 15 U.S.C. §1125(a), in that

21  they:

22          (a)   involve goods or services;

23          (b)   are activities which affect interstate commerce; and

24          (c)   are likely to cause confusion or deception as to the origin of the
             Infringing Merchandise in that they falsely represent that such
25           merchandise is made by, sponsored by, or otherwise associated
             with the Artist or the plaintiff;
26

27          4.   Defendants, and those acting in concert or participation with them, will

28  continue to sell such unauthorized Infringing Merchandise in connection with the Artist's

ORDER OF PRELIMINARY INJUNCTION AND ORDER OF SEIZURE                                    - 2 -
CASE NO.C.99-0143 (SBA)

1    concerts unless enjoined by the Court; and

2        5.    Copies of this Court's January 21,1999 Order to Show Cause, and the

3    summons and complaint, have been served upon the defendants, and infringing

4    Merchandise has been obtained from the defendants;

5        NOW, THEREFORE, IT IS HEREBY ORDERED that defendants, their agents,

6    servants, employees, attorneys, successors, assigns, and all persons, firms, and

7    corporations acting in concert or participation with said defendants, are enjoined and

8    restrained from:

9        (a)    Using the Artist's Trademarks in connection with the sale, offering for
10              sale, distribution, or advertising of any clothing or other merchandise; or

11       (b)    Manufacturing, distributing, selling, or holding for sale any clothing or
              other merchandise which carries or otherwise uses the Artist's
12             Trademarks; or

13       (c)    Aiding, abetting, inducing, or encouraging another to perform any of the
              acts enjoined herein.

14

15       IT IS FURTHER ORDERED that the United States Marshal for this district and

16   the United States Marshal for any district in which plaintiff seeks to enforce this order, upon

17   plaintiff's advancing such sum as is required to cover their fees and expenses, or local law

18   enforcement officials, plaintiff's counsel, representatives, or individuals acting under their

19   respective authorization or supervision, are authorized, and the appropriate local or state

20   police and other law enforcement authorities are hereby similarly authorized, to seize and

21   impound any and all infringing Merchandise bearing the Artist's Trademarks which

22   defendants, or their agents, servants, employees, successors and assigns, and all those

23   acting in concert or participation with them, attempt to sell or are holding for sale in the

24   vicinity of the Artist's concerts or elsewhere where such infringing Merchandise is being sold,

25   held for sale, or is otherwise found, including any carton, bag, container, or other means of

26   carriage in which the infringing Merchandise is transported or stored.

27       IT IS FURTHER ORDERED that such confiscated merchandise shall be

28   delivered to plaintiff's counsel or representatives, or their designees, pending final disposition

ORDER OF PRELIMINARY INJUNCTION AND ORDER OF SEIZURE                                -3-
CASE NO.C.99-0143 (EDL)

1  of this action. All clothing, jewelry, photographs, posters and other merchandise bearing the

2  Artist's Trademarks which is sold, or held for sale, in the vicinity of the Artist's performance

3  locations, or elsewhere where such merchandise is held for sale or otherwise found, shall be

4  deemed to be merchandise subject to the seizure provisions of this order.

5      IT IS FURTHER ORDERED that this preliminary injunction is conditioned upon

6  personal service of a copy of this order and the summons and complaint being made upon

7  the defendants or other persons enjoined hereby contemporaneously with the seizure

8  authorized herein.

9      IT IS FURTHER ORDERED that all unauthorized items heretofore or hereafter

10  seized in this action be delivered up to the plaintiff pending final disposition of this matter.

11     IT IS FURTHER ORDERED that the injunctive and seizure provisions of this

12  order shall expire upon conclusion of the Artist's concert performance tour, unless otherwise

13  extended by further order of this Court.

14     IT IS FURTHER ORDERED that the bond in the amount of $10,000.00

15  heretofore deposited with the Clerk of this Court to secure payment of costs incurred in

16  enforcing the provisions of the temporary restraining order is hereby continued until final

17  disposition of this matter or further order of this Court.

18

19                                    _Saundra B. Armstrong_
                                    Honorable Saundra B. Armstrong
20                                    United States District Court Judge

21  DATED:    January 26, 1999
              Oakland, California
22
              3:58 pm
23

24  SF 192272 v1

25

26

27

28

ORDER OF PRELIMINARY INJUNCTION AND ORDER OF SEIZURE                              - 4 -
CASE NO.C 99-0143 (EDL)