UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RST (2005), INC., | ) |
| | ) |
| Plaintiff, | ) Case No. 05-11680 (WGY) |
| | ) |
| v. | ) **PERMANENT INJUNCTION** |
| | ) **AND ORDER OF SEIZURE** |
| WILLIAM L. CASEY, DAVID GEBER, | ) |
| MATTHEW HIGGINS, JAMES M. SBARRA, | ) |
| "AL", "BERRY", "MEGAN", "SMITTY", | ) |
| JOHN DOES 1-100, JANE DOES 1-100, XYZ | ) |
| COMPANIES 1-100, | ) |
| | ) |
| Defendants. | ) |

Plaintiff having moved for an injunction enjoining and restraining the defendants, and those acting in concert with them, from manufacturing, selling and/or distributing merchandise bearing the name, logo, likeness, and trademarks (collectively, the "Trademarks") of the musical performing group professionally known as THE ROLLING STONES (the "Artist"), and service of the summons and complaint having been effected upon the defendants; and plaintiff's motion for a preliminary injunction and order of seizure having come on for a hearing before the Honorable William G. Young, United States District Judge, on the 6th day of September, 2005, at the Moakley U.S. Courthouse, One Courthouse Way, Boston, Massachusetts 02210, in Courtroom 18, and defendants having been notified of said hearing, and plaintiff having appeared by its counsel, and all defendants having failed to appear;

{B0438951; 1}

**NOW**, on presentation and consideration of plaintiff's application for a preliminary and permanent injunction and order of seizure, the declarations and affidavits submitted in support thereof, and the entire record in this case, the Court finds as follows:

1. Defendants' William L. Casey, David Geber, Matthew Higgins, James M. Sbarra, "Al", "Berry", "Megan" and "Smitty" ("named defendants") are in default for failing to appear for hearing after notice.

2. By reason of the long, substantial and continuous use of the Artist's name, the said name has acquired a meaning identified with the Artist and with products and services associated with them;

3. The named defendants, and those acting in concert or participation with them, have infringed upon plaintiff's and the Artist's rights in the Artist's Trademarks and rights of publicity, and have as well committed acts of unfair competition against the plaintiff and the Artist, by manufacturing, distributing, offering for sale, and selling unauthorized merchandise bearing the Artist's Trademarks (the "Infringing Merchandise") at or near the sites of the Artist's concerts, without having obtained a license or any other authorization to do so;

4. The said acts of the named defendants, and those acting in concert or participation with them, constitute a violation of the Lanham Act, 15 U.S.C. § 1125(a), in that they:

    (a)  involve goods or services;

    (b)  are activities which affect interstate commerce; and

    (c)  are likely to cause confusion or deception as to the origin of the Infringing Merchandise in that they falsely represent that such merchandise is made by, sponsored by, or otherwise associated with the Artist or the plaintiff;

5. The named defendants, and those acting in concert or participation with them, will continue to sell such unauthorized Infringing Merchandise in connection with the Artist's concerts unless enjoined by the Court; and

6. Copies of the Court's August 19, 2005 Temporary Restraining Order and Order of Seizure, and the summons and complaint, have been served upon the named defendants, and Infringing Merchandise has been obtained from the named defendants;

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the named defendants, their agents, servants, employees, attorneys, successors, assigns, and all persons, firms, and corporations acting in concert or participation with said named defendants, are permanently enjoined and restrained from:

> (i) Using the Artist's Trademarks in connection with the sale, offering for sale, distribution, or advertising of any clothing or other merchandise; or
>
> (ii) Manufacturing, distributing, selling, or holding for sale any clothing or other merchandise which carries or otherwise uses the Artist's Trademarks; or
>
> (iii) Aiding, abetting, inducing, or encouraging another to perform any of the acts enjoined herein.

**IT IS FURTHER ORDERED** that the United States Marshal for this district and the United States Marshal for any district in which plaintiff seeks to enforce this order, upon plaintiff's advancing such sum as is required to cover their fees and expenses, or local law enforcement officials, plaintiff's counsel, representatives, or individuals acting under their respective authorization or supervision, are authorized, and the appropriate local or state police and other law enforcement authorities are hereby similarly authorized, to seize and impound any and all Infringing Merchandise bearing the Artist's Trademarks which any of the named defendants, or any of their agents, servants, employees, successors and assigns, and all those acting in concert or participation with any of them, attempt to sell or are holding for sale in the vicinity of the Artist's concerts or elsewhere where such Infringing Merchandise is being sold,

{B0438951; 1}

- 4 -

held for sale, or is otherwise found, including any carton, bag, container, or other means of carriage in which the Infringing Merchandise is transported or stored.

**IT IS FURTHER ORDERED** that such confiscated merchandise shall be delivered to plaintiff's counsel or representatives, or their designees, pending final disposition of this action. All clothing, jewelry, photographs, posters and other merchandise bearing the Artist's Trademarks which is sold, or held for sale, in the vicinity of the Artist's performance locations, or elsewhere where such merchandise is held for sale or otherwise found, shall be deemed to be merchandise subject to the seizure provisions of this order.

**IT IS FURTHER ORDERED** that this permanent injunction is conditioned upon personal service of a copy of this order and the summons and complaint being made upon the named defendants or other persons enjoined hereby contemporaneously with the seizure authorized herein.

**IT IS FURTHER ORDERED** that the injunctive and seizure provisions of this order shall expire upon conclusion of the Artist's concert performance tour, unless otherwise extended by further order of this Court.

**IT IS FURTHER ORDERED** that the undertaking in the amount of $25,000.00 heretofore deposited with the Clerk of this Court to secure payment of costs incurred in enforcing the provisions of the temporary restraining order is hereby continued until final disposition of this matter or further order of this Court.

_____
U.S. DISTRICT JUDGE

Dated: September 7, 2005